**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. |
| | : |
| JAVAID A. PERWAIZ, JAVAID A. PERWAIZ, M.D., P.C., THE JAVAID A. PERWAIZ, M.D., P.C. PROFIT SHARING PLAN, | : : : : |
| | : |
| Defendants. | : |
| | : |

**COMPLAINT**

Martin J. Walsh, Secretary of Labor, United States Department of Labor, hereby alleges:

**JURISDICTION AND VENUE**

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 409 and 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to obtain equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA. Under 29 U.S.C. § 1132(a)(2) and (5), the Secretary has the authority to enforce Title I of ERISA by filing civil actions to obtain remedies for violations of the statute.

2.      This Court has subject matter jurisdiction over this action under Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      The Javaid A. Perwaiz, M.D., P.C. Profit Sharing Plan ("Plan") is an employee

benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), that offers

retirement benefits to its participants, who are employees of Javaid A. Perwaiz, M.D., P.C.

("Company"), the Plan's sponsor. As such, the Plan is subject to the coverage of the Act, under

Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is joined as a party defendant under Rule

19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

4.     The Company's and Plan's last known address is 3003 Churchland Blvd.,

Chesapeake, VA 23321. Because the Plan is administered in Chesapeake, VA, venue with

respect to this action lies in the Eastern District of Virginia under Section 502(e)(2) of ERISA,

29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 127.

## ALLEGATIONS

5.     Javaid A. Perwaiz ("Perwaiz"), president and owner of the Company, controlled

and operated the Company to practice as a licensed physician, with a specialty in Obstetrics and

Gynecology.

6.     The Company established the Plan on or around September 1, 1982. It was

principally funded through discretionary Company contributions and rollover contributions from

participants.

7.     The Company was, at all relevant times, the Plan Administrator. Perwaiz carried

out the Plan Administrator role on behalf of the Company and was also named in the Plan

documents as an Individual Trustee. Until January 6, 2020, the Plan retained Penact, a division

of Old Point Trust ("Old Point Trust"), as a third-party administrator to the Plan.

8.     Perwaiz and the Company, by virtue of being named fiduciaries and being vested

with or exercising discretionary authority and control over the assets of the Plan and the

management and disposition of those assets, as well as discretionary authority or responsibility in the administration of the Plan, were fiduciaries to the Plan under ERISA Sections 402(a) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1102(a) and 1002(21)(A). Perwaiz, by virtue of his fiduciary status and his ownership of the Company, and the Company, by virtue of its fiduciary status and sponsorship of the Plan, were also parties in interest to the Plan under ERISA Section 3(14)(A), (C), and (E), 29 U.S.C. § 1002(14)(A) and (E).

9.      On information and belief, the Company, Perwaiz, and Old Point Trust were the only fiduciaries to the Plan with responsibilities for its administration, distribution of assets, and day-to-day management.

10.      On June 19, 2020, the United States filed a 62-count superseding indictment against Perwaiz, charging him with 26 counts of Health Care Fraud, 33 counts of False Statements Related to Healthcare Matters, and 3 counts of Aggravated Identity Theft. *See United States v. Perwaiz*, No. 2:19-cr-00189-RBS-DEM, Dkt. 50 (E.D. Va. June 19, 2020). On November 9, 2020, following a jury trial, Perwaiz was found guilty on 53 counts. The United States subsequently moved for an emergency restraining order against Perwaiz's assets, which the Court granted on January 26, 2021. *Id*. at Dkt. 184.

11.      On May 18, 2021, the Court entered judgment against Perwaiz, which included an order of imprisonment for 708 months (59 years). *Id*. at Dkt. 203. The Court's judgment also included, *inter alia*, an order that Perwaiz pay $18,563,323.18 in restitution. *Id*.

12.      Because of these felony convictions, Perwaiz is prohibited under ERISA Section 411, 29 U.S.C. § 1111, from serving, *inter alia*, as an administrator, fiduciary, or trustee of any employee benefit plan. On May 24, 2021, the Employee Benefits Security Administration issued a letter to Perwaiz informing him of this debarment.

3

13.     The Plan has not been formally terminated. Prior to the judgment of conviction, Perwaiz and the Company did not, on information and belief, ensure the appointment of a new fiduciary to manage the Plan or oversee the distribution of the Plan's assets. No individuals or entities have come forward to assume fiduciary responsibility for the Plan or to distribute its assets to Plan participants, and there is no fiduciary actively functioning on behalf of the Plan. As such, the Plan currently exists without oversight or control by responsible fiduciaries with the authority to operate and manage the Plan. Thus, the Plan is truly "abandoned" in every sense of the word and in violation of ERISA.

14.     As of January 29, 2021, the Plan has $253,438.12 in assets. The custodian of these assets is Raymond James Financial Services, Inc., located at 5806 Harbour View Blvd., Suite 202, Suffolk, VA 23435.

15.     Records from Old Point Trust, the Plan's former third-party administrator, indicate that there are still participants—Perwaiz and other Company employees—with balances in the Plan.

16.     Under the terms of the Plan, Plan participants are entitled to distribution of their account balances. However, because Perwaiz and the Company did not initiate termination of the Plan and distribution of the assets, or secure the appointment of an independent fiduciary, Plan participants and beneficiaries have been denied access to their vested account balances and have no way to transfer or otherwise gain control of their promised benefits. Without a fiduciary in place with the authority to direct the Plan's custodian, it will not process any requests made to it by any participants until it receives proper direction from a bona fide court-appointed Plan fiduciary.

## VIOLATIONS

17.     By the conduct and circumstances alleged in paragraphs 1 through 16, the Plan exists without a named fiduciary and without its assets being held in trust by a trustee, in violation of ERISA Sections 402 and 403, 29 U.S.C. §§ 1102 and 1103.

18.     By the actions and conduct described above, Perwaiz and the Company, as fiduciaries of the Plan:

    a.  maintained the Plan without a named fiduciary with the authority to control and manage the operation and administration of the Plan, and without a basis for payments to be made from the Plan, in violation of Section 402(a) and (b)(4) of ERISA, 29 U.S.C. § 1102(a) and (b)(4);

    b.  failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A); and

    c.  failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

## PRAYER FOR RLIEF

WHEREFORE, the Secretary prays for judgment:

1.      Permanently removing Perwaiz and the Company as fiduciaries of the Plan and from any positions having discretion, authority, or control with respect to the Plan;

2.      Appointing an independent fiduciary to administer the Plan, distribute the assets held by the Plan's custodian to the proper participants and beneficiaries, and terminate the Plan, with the costs of the independent fiduciary borne by Perwaiz or the Company;

3.      Requiring that Perwaiz, the Company, and their agents make available to the Court-appointed independent fiduciary all books and records of the Plan and to cooperate with the independent fiduciary when carrying out its responsibilities to the Plan; and

4.      Ordering such further relief as is appropriate and just.

Dated: July 15, 2021

Respectfully Submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Mailing Address:

Elena S. Goldstein
Acting Solicitor of Labor

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450

Oscar L. Hampton III
Regional Solicitor

Richard T. Buchanan
Deputy Regional Solicitor

(202) 693-9359 (voice)
(202) 688-4982 (fax)

/s/ Angela H. France
Angela H. France
Trial Attorney
VA State Bar #46862

France.angela.h@dol.gov

herrera.alejandro.a@dol.gov

/s/Alejandro A. Herrera
Alejandro A. Herrera*
Trial Attorney
PA 326897; NY 5235601
*Pro Hac Vice Forthcoming*

7